UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FOREST HILLS GASTROENTEROLOGY, P.C.
and AZEEM KHAN, MD,

                    Plaintiff,

    -against-

GASTROENTEROLOGY & LIVER DISEASE, P.C
and ALBERT SHALOMOV, MD,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

Civil Action No. 24-cv-7792

**JURY TRIAL DEMANDED**

Plaintiffs Forest Hills Gastroenterology, P.C. ("Forest Hills Gastroenterology") and Azeem Khan, MD ("Dr. Khan") (collectively "Plaintiffs") by their attorneys, Garfunkel Wild, P.C., allege for their Complaint against the Defendants, Gastroenterology & Liver Disease, P.C ("Gastroenterology & Liver Disease") and Albert Shalomov, MD ("Dr. Shalomov") (collectively "Defendants"), that:

## INTRODUCTION

1.    This lawsuit stems from Defendants' operation of a gastroenterology medical group practice under the names "Forest Hills Gastroenterology" and "Forest Hills Gastro", less than one-half mile from Plaintiff Forest Hills Gastroenterology, despite Defendants' lack of any affiliation with Plaintiffs and failure to obtain Plaintiffs' permission to use the names "Forest Hills Gastroenterology" or "Forest Hills Gastro."  Defendants' conduct infringes on Plaintiff's trademark and rights.

2.    Defendants' unlawful use of the names "Forest Hills Gastroenterology" and "Forest Hills Gastro" is patently misleading and were purposefully adopted by Defendants to create the illusion that they are affiliated with Forest Hills Gastroenterology, when, in fact, they

are not. While Plaintiff Forest Hills Gastroenterology has no affiliation with Defendant Gastroenterology & Liver Disease, Defendants are nonetheless operating their Forest Hills Gastroenterology practice, under the names "Forest Hills Gastroenterology" and "Forest Hills Gastro" and advertising and promoting that name.

3. Defendants' wrongful and deceptive actions are causing irreparable and pecuniary harm to Plaintiffs and their good name.

4. It is clear that through their deceptive and misleading practices, Defendants have improperly tried to profit from the excellent reputation that Plaintiffs have established over the last decade. Both Federal and State law, however, expressly prohibit Defendants' actions and their unlawful and unauthorized misuse of the names "Forest Hills Gastroenterology" and "Forest Hills Gastro."

5. Prior to bringing this action, Plaintiffs acted in good faith and informed Defendants that they are in violation of the law and demanded that Defendants cease and desist their infringement and other wrongful practices. Defendants, however, have refused to comply with Plaintiffs' demands that Defendants cease and desist.[1] Notably, Defendant Dr. Shalomov responded to Plaintiffs' cease and desist letter in an e-mail in which he confirmed that he was aware of Plaintiffs' use of the "Forest Hills Gastroenterology" for almost a decade prior to Defendants' use of the names "Forest Hills Gastroenterology." *See* September 30, 2024, E-mail annexed hereto as Exhibit 10.

6. Accordingly, Plaintiffs have been forced to commence this lawsuit to protect their trademark and rights.

7. More specifically, Plaintiffs bring this action to protect their "Forest Hills

---

[1]     Attached as Exhibit 9, is a September 30, 2024, letter sent to Defendants by Plaintiffs' counsel, which is incorporated herein.

Gastroenterology" service mark from infringement and unfair competition by Defendants Gastroenterology & Liver Disease and Dr. Shalomov.

8.     Defendants' wrongful and deceptive actions are causing irreparable and pecuniary harm to Plaintiffs, entitling Plaintiffs to injunctive relief, a temporary restraining order, money damages, and reimbursement of their legal costs.

## THE PARTIES

9.     Forest Hills Gastroenterology is a gastroenterology medical practice, owned by Dr. Khan, operating continuously under the "Forest Hills Gastroenterology" name and service mark since at least January 15, 2015, providing clinical consultation services, and medical services in the field of gastroenterology, to approximately 8,000 patients annually and preforming over 4,000 endoscopic procedures annually.  Importantly, Dr. Khan has been a member of Queens Boulevard ASC LLC d/b/a Queens Boulevard Endoscopy Center ("QBEC"), a surgical center located at 9525 Queens Boulevard, Rego Park, New York 11374, where members perform a variety of gastroenterological procedures, for over 12 years.  Forest Hills Gastroenterology operates three office locations with its main office located at 109-19 72nd Road, Forest Hills, New York 11375.   After years of continuous use of the "Forest Hills Gastroenterology" mark, Plaintiffs were issued a trademark for "Forest Hills Gastroenterology" by the United States Patent and Trademark Office (Registration Number: 7144942).  *See* Forest Hills Gastroenterology Trademark annexed hereto as Exhibit 1.

10.     Defendant Gastroenterology & Liver Disease is a gastroenterology practice owned by Defendant Dr. Shalomov, which, upon information and belief, first began operations in 2013, but only began operating under the names "Forest Hills Gastroenterology" and "Forest

Hills Gastro" in or around April 2024.  *See* Screenshots of Wayback Machine[2] Searches annexed collectively hereto as Exhibit 6; *see also* Gastroenterology & Liver Disease Instagram Page annexed hereto as Exhibit 7.  Gastroenterology & Liver Disease's office is located at 107-21 Queens Boulevard, Forest Hills, New York 11375.  A Screenshot of the Google Maps Walking Directions from Forest Hills Gastroenterology to Gastroenterology & Liver Disease is annexed hereto as Exhibit 8.  Notably, Dr. Shalomov was a member of QBEC for over 10 years, recently separating from the group in 2024.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a).

12.     Pursuant to 28 U.S.C. 1391(b) and 28 U.S.C. § 1121(a), venue is proper in the Eastern District of New York as the events that give rise to this lawsuit occurred in the Eastern District and Defendant Gastroenterology & Liver Disease has its principal place of business in the Eastern District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**Plaintiff's Business and Trademark**

13.     Forest Hills Gastroenterology was formed on or about May 29, 2002, under the name "Dermatology and Gastroenterology Associates PC".  On January 15, 2015, it changed its name to "Forest Hills Gastroenterology, P.C."  *See* New York Secretary of State Business Search annexed hereto as Exhibit 12.

14.     In 2023, after years of continuous use, Plaintiffs were issued a trademark for "Forest Hills Gastroenterology" by the United States Patent and Trademark Office under

---

[2]     The Wayback Machine is a digital archive of the Internet Archive that allows users to view past versions of websites.  The Wayback Machine automatically takes snapshots of webpages at various points in time and stores them with timestamps.  Users can then enter a URL to view and interact with these archived versions.

Registration No. 7144942, with a date of first use of January 15, 2015. *See* Exhibit 1. Plaintiffs' trademark is for a standard word mark, without any limitation as to color, size, or font. *See id.*

15.     Plaintiffs purchased the website domain "foreshillsgastroenterology.com" in or around November 2014. Plaintiffs first published to that domain name on or about December 14, 2014.

16.     Forest Hills Gastroenterology has been serving the Queens area under the Forest Hills Gastroenterology name for almost 10 years, expanding its business and its name and service mark recognition, and working diligently to maintain its reputation for offering the highest quality in care.

17.     Forest Hills Gastroenterology features highly skilled licensed healthcare professionals working together to care for hundreds of patients each month.

18.     Forest Hills Gastroenterology is regularly expanding the reach of its various practice areas in the New York metropolitan area, including, for instance, through its opening of offices in Hollis, Queens on April 1, 2017, and Elmhurst, Queens on February 1, 2023.

19.     Moreover, since January 2015, Plaintiff has continuously used the Forest Hills Gastroenterology name and service mark to promote and market its services throughout the region.

20.     In order to distinguish its name and brand, Plaintiffs prominently display the "Forest Hills Gastroenterology" name on signage at each of their three offices from which they operate, on their letterhead, on their website, and on their employees' business cards. *See* Screenshots from Plaintiffs' Website, Plaintiffs' Signage, Plaintiffs' Business Cards, and Plaintiffs' Referral Pads annexed hereto as Exhibits 2, 3, 4, and 5, respectively.[3]

---

[3]     Please note that the red circles, underlines, and text box that appear on Exhibits 3, 6, 7, 8, and 11 were added for the Court's convenience to highlight the relevant portions of those exhibits.

21.     Plaintiffs also use the "Forest Hills Gastroenterology" name and service mark in its various marketing efforts, including, for instance, on its website, in print advertisements, and in brochures and promotional materials directed to the general public, other healthcare providers, and existing Forest Hills Gastroenterology patients who may require, or have family members or friends who may require, a range of Forest Hills Gastroenterology services.

22.     Having established a very successful gastroenterology practice, Plaintiffs generated approximately $3,000,000 in revenue in 2023.

**Relationship Between Plaintiffs and Defendants**

23.     Dr. Khan has been a member of QBEC since December 21, 2010.  Dr. Shalomov was also a member of QBEC from March 2014 until September 17, 2024.  As such, Defendants are fully aware of and familiar with Plaintiffs' use of the "Forest Hills Gastroenterology" mark.  Defendants are also aware of Plaintiffs' mark because as a gastroenterologist, every time Dr. Shalomov performs a "scope" procedure and runs pathology reports, he will have to see Plaintiffs' "Forest Hills Gastroenterology" mark in the QBEC database.

24.     After serving the community for years and becoming one of the most successful and well-known gastroenterologists in the region, Dr. Khan was offered the prominent position of Medical Director of QBEC.  However, after much consideration, Dr. Khan decided to forego the opportunity, and instead allow Dr. Shalomov the chance to fill the position.

25.     For these reasons, Dr. Shalomov is very familiar with Dr. Khan, Forest Hills Gastroenterology, and the "Forest Hills Gastroenterology" mark.

**Defendants Unlawfully Begin Operating**
**Their Gastroenterology Practice Under the**
**"Forest Hills Gastroenterology" And "Forest Hills Gastro" Names**

26.     Based on their purposeful and chosen proximity to Forest Hills Gastroenterology,

their use of the names "Forest Hills Gastroenterology" and "Forest Hills Gastro," and their tactical advertising of those names on their website and marketing materials, there is no doubt that Defendants are trying to mislead the public into thinking or believing Defendants are somehow affiliated with Plaintiff Forest Hills Gastroenterology.

27.     Upon information and belief, in or about April 2024, despite having operated under the name "Gastroenterology & Liver Disease" since 2013, Defendants revamped their business model and began operating under the names "Forest Hills Gastroenterology" and "Forest Hills Gastro."   Upon information and belief, since April 2024, Defendants have been using "Forest Hills Gastroenterology" and "Forest Hills Gastro" on their website.   Below you will find a screenshot from Defendants' current website homepage, followed by a screenshot of the "About Us" page on Defendants' website, clearly illustrating Defendants' use of Plaintiffs' mark.





28.     Further, upon information and belief, Defendants never obtained the requisite approval from the New York State Department of Health to begin operating under a new or different company name

29.     Upon information and belief, Defendants purchased the domain name "foresthillsgastro.com" in or around September 2014.  However, upon information and belief, Defendants did not publish to that domain name until sometime in 2018.  *See* Wayback Machine Screenshot annexed hereto as Exhibit 11.  Despite Defendants having a website promoting their practice as "Gastroenterology & Liver Disease" in 2018, upon information and belief, Defendants did not use the names "Forest Hills Gastroenterology" or "Forest Hills Gastro" in the content of their website until in or around April 2024.  *See* Screenshots of Wayback Machine searches for Defendants' Website Homepage and About Us Pages annexed collectively hereto as Exhibit 6.

30.     In or around August 2024, Defendants also created an Instagram social media page for their practice, on which Defendants use the names "Forest Hills Gastroenterology" and

4886-3676-7733v.4

"Forest Hills Gastro." *See* Exhibit 7.

31.     A standard Google search also reveals that Defendants market their practice as the "best" gastroenterology practice in the Queens, New York area, which, upon information and belief, is in violation of applicable laws and regulations governing physician advertising.

32.     Defendants' selection and use of the "Forest Hills Gastroenterology" and "Forest Hills Gastro" trade names creates a misleading impression and public confusion that their gastroenterology practice is sponsored or approved by, or affiliated or otherwise associated with, the well-established and successful Forest Hills Gastroenterology business.  Further, Defendants' use of Plaintiffs' trademark in a manner that, upon information and belief, is violative of applicable laws and regulations further damages Plaintiffs' reputation.

33.     Defendants' intentional use of Plaintiffs' trademark creates a likelihood of confusion.  Upon information and belief, patients are seeking treatment from Defendants based upon the false impression, purposefully created by Defendants, that they are obtaining treatment from Forest Hills Gastroenterology.  Thus, upon information and belief, not only is Forest Hills Gastroenterology losing patients due to Defendants' wrongful conduct (which is a source of irreparable harm), but patients are not receiving treatment from the medical provider that they were looking to see.  Moreover, to the extent Defendants are providing inferior patient care compared to the quality of care provided by Plaintiffs, Plaintiffs' name, reputation and goodwill with their patients are also suffering.

34.     It is clear that Defendants' misappropriation of Forest Hills Gastroenterology's name is creating harm to Plaintiffs and their patients.  Upon information and belief, the public is receiving services from Defendants under the false impression that Plaintiffs are providing or are ultimately responsible for their medical care.

35.     Upon information and belief, Defendants' selection and use of the "Forest Hills Gastroenterology" and "Forest Hills Gastro" names is designed to unlawfully benefit from such a false association and misleading advertising.  Defendants are seeking to mislead consumers and the public by their improper and unlawful conduct.

## FIRST CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

### (Lanham Act: Trademark Infringement – 15 U.S.C. § 1114)

36.     Plaintiffs repeat and re-allege the foregoing paragraphs as if fully recited herein.

37.     Plaintiffs own all rights, title, and interest in and to the "Forest Hills Gastroenterology" mark, which is a valid and protectable mark.

38.     Plaintiffs own a federally registered trademark covering the "Forest Hills Gastroenterology" mark issues by the United States Patent and Trademark Office under Registration No. 7144942.

39.     Defendants have used in commerce, without Plaintiffs' permission, the "Forest Hills Gastroenterology" mark in a manner that is likely to cause confusion or mistake or deceive purchasers as to the source of Defendant's services and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association to Plaintiffs and and/or Plaintiffs' services or commercial activities.

40.     Defendants' acts constitute infringement of Plaintiffs' "Forest Hills Gastroenterology Mark" under 15 U.S.C. 1114(1).

41.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer damage to its trademark rights, business reputation, and goodwill.

42.     Unless restrained, Defendants will continue to use one or more marks confusingly similar to the "Forest Hills Gastroenterology" mark and will cause irreparable damage to Plaintiffs.

43.     Plaintiffs have no adequate remedy at law and are entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

44.     Plaintiffs are further entitled to recover from Defendants the actual damages that they have sustained and/or are likely to sustain as a result of Defendants' continuing wrongful acts.

45.     Defendants' conduct is both malicious and willful.  Plaintiffs are further entitled to recover from the gains, profits, and advantages that Defendants have obtained as a result of their continuing willful and wrongful acts.

46.     By reason of the foregoing, together with interest and costs, Plaintiffs are entitled to:

(a)     A permanent injunction prohibiting the Defendants from operating under the name "Forest Hills Gastroenterology" and "Forest Hills Gastro";

(b)     The disgorgement of Defendants' profits related to their unjust enrichment at Plaintiffs' expense, in an amount to be determined at trial;

(c)     Compensation for harm to the reputation and goodwill of Plaintiffs, in an amount to be determined at trial;

(d)     The cost of corrective advertising to clear the public's confusion, in an amount to be determined at trial;

(e)     Pursuant to 15 U.S.C. § 1117(a), attorney fees and costs incurred as a result of Defendants' bad faith adoption of Plaintiffs' trademark given Defendants' prior knowledge of Plaintiffs' trademark; and

(f)     Treble damages.

## SECOND CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

### (Lanham Act: False Association – 15 U.S.C. § 1125(a)(1)(A))

47.     Plaintiffs repeat and re-allege the foregoing paragraphs as if fully recited herein.

48.     Plaintiffs were legally established under the name Forest Hills Gastroenterology

4886-3676-7733v.4

and, therefore, has ownership rights to the name.

49. In addition, Plaintiffs have had the service mark registered with the United States Patent and Trademark Office since August 22, 2023.

50. Furthermore, Plaintiffs have established a legally protectable interest in the "Forest Hills Gastroenterology" name and its service mark through years of use in commerce, through which the public has come to associate that name and service mark with Plaintiffs' particular business and services.

51. Due to Plaintiffs' prolonged, continuous and wide-spread use of the "Forest Hills Gastroenterology" service mark, the public recognizes and/or expects that services offered under the "Forest Hills Gastroenterology" name all emanate from or are affiliated with Plaintiffs.

52. Defendants' use of the "Forest Hills Gastroenterology" and "Forest Hills Gastro" name is likely to cause confusion to consumers and otherwise infringes upon Plaintiffs' rights.

53. Plaintiffs have never given Defendants permission to use the name "Forest Hills Gastroenterology" or "Forest Hills Gastro".

54. In operating under the names "Forest Hills Gastroenterology" and "Forest Hills Gastro", Defendants have falsely represented the origin, association, and/or endorsement of the services that they provide to patients.

55. Specifically, Defendants have intentionally and purposefully adopted the names "Forest Hills Gastroenterology" and "Forest Hills Gastro" to mislead the public to believe that its services are affiliated or associated with Plaintiffs.

56. Defendants' unlawful and improper actions have violated Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(A).

57. Moreover, upon information and belief, Dr. Shalomov has authorized, approved,

directed, and participated in Defendant Gastroenterology & Liver Disease's unfair competition and unlawful acts, including the use of the "Forest Hills Gastroenterology" and "Forest Hills Gastro" names and is the moving, active, and conscious force behind Defendant Gastroenterology & Liver Disease's infringement on Plaintiffs' rights. Therefore, Dr. Shalomov is personally liable under the Lanham Act.

58.     Plaintiffs have suffered damages as a result of Defendants' conduct, including but not limited to, lost patients, loss to their goodwill and reputation as a medical provider, and pecuniary harm.

59.     By reason of the foregoing, together with interest and costs, Plaintiffs are entitled to:

(a)     A permanent injunction prohibiting the Defendants from operating under the name "Forest Hills Gastroenterology" and "Forest Hills Gastro";

(b)     The disgorgement of Defendants' profits related to their unjust enrichment at Plaintiffs' expense, in an amount to be determined at trial;

(c)     Compensation for harm to the reputation and goodwill of Plaintiffs, in an amount to be determined at trial;

(d)     The cost of corrective advertising to clear the public's confusion, in an amount to be determined at trial;

(e)     Pursuant to 15 U.S.C. § 1117(a), attorney fees and costs incurred as a result of Defendants' bad faith adoption of Plaintiffs' trademark given Defendants' prior knowledge of Plaintiffs' trademark; and

(f)     Treble damages.

## THIRD CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

### (Lanham Act: False Advertising – 15 U.S.C. § 1125(a)(1)(B))

60.     Plaintiffs repeat and re-allege the foregoing paragraphs as if fully recited herein.

61.     Defendants have advertised and otherwise promoted Gastroenterology & Liver

13

Disease's services as "Forest Hills Gastro" and "Forest Hills Gastroenterology". Upon information and belief, Defendants chose to use those names to deceive the public and cause the public to believe that Defendants are somehow associated with Plaintiffs despite the fact that Defendants are not.

62.     Defendants' advertisements and other promotional communications have misrepresented the nature, characteristics, qualities and/or origin of their services and the services of Plaintiffs and have a tendency to deceive their intended audience – Plaintiffs' patients and the public.

63.     As a result, Plaintiffs are suffering harm because, upon information and belief, the Defendants are wrongfully diverting the Plaintiffs' patients to Defendants' facilities.

64.     Defendants' unlawful and improper conduct has violated Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B).

65.     Moreover, upon information and belief, Dr. Shalomov has authorized, approved, directed, and participated in Gastroenterology & Liver Disease's unfair competition and unlawful acts, and is the moving, active, and conscious force behind Gastroenterology & Liver Disease's infringement on Plaintiffs' rights. Therefore, Dr. Shalomov is personally liable under the Lanham Act.

66.     Plaintiffs have suffered damages, and continue to suffer damages, as a result of Defendants' conduct.

67.     By reason of the foregoing, together with interest and costs, Plaintiffs are entitled to:

> (a)     A permanent injunction prohibiting the Defendants from operating under the names "Forest Hills Gastroenterology" or the name "Forest Hills Gastro", or any other substantially similar name;

> (b)     The disgorgement of profits related to unjust enrichment, in an amount to

be determined at trial;

(c)    Compensation for harm to the reputation and goodwill of the Plaintiffs, in an amount to be determined at trial;

(d)    The cost of corrective advertising to clear the public's confusion, in an amount to be determined at trial;

(e)    Pursuant to 15 U.S.C. § 1117(a), attorney fees and costs incurred as a result of Defendants' bad faith adoption of Plaintiffs' trademark given Defendants' prior knowledge of Plaintiffs' trademark; and

(f)    Treble damages.

## FOURTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

### (Deceptive Acts And Practices: N.Y. General Business Law § 349)

68.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully recited herein.

69.    When patients receive treatment from an establishment that uses the name "Forest Hills Gastroenterology" or "Forest Hills Gastro," they assume that such establishment is associated or affiliated with Plaintiffs, and ultimately, that such treatment is being performed by Plaintiffs.

70.    In operating their facility in the manner described above, Defendants are targeting Plaintiffs' patients.

71.    In advertising themselves as "Forest Hills Gastroenterology" and "Forest Hills Gastro," Defendants are targeting consumers seeking Plaintiffs' services as well as the public at large. Specifically, Defendants are misleading consumers to believe that the services they are receiving from Defendants are associated with, and thereby effectively provided by, Plaintiffs.

72.    Accordingly, both the public at large and the Plaintiffs' practice have suffered harm as a result of the Defendants' actions.

73.    By reason of the foregoing, Plaintiffs are entitled to damages in an amount to be

4886-3676-7733v.4

determined at trial, together with interest, costs, disbursements and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

### (New York Common Law Unfair Competition)

74.     Plaintiffs repeat and re-allege the foregoing paragraphs as if fully recited herein.

75.     Plaintiff Forest Hills Gastroenterology is incorporated under the names Forest Hills Gastroenterology P.C. and, therefore, it has an ownership right to its name.

76.     Plaintiffs own the following federal trademark registration for Forest Hills Gastroenterology – Registration No. 7144942.

77.     Plaintiffs have never given Defendants permission to use the name "Forest Hills Gastroenterology" or "Forest Hills Gastro".

78.     For almost 10 years, Plaintiffs have established their excellent reputation for providing the Forest Hills, Queens area with the highest in quality of care.

79.     As a result of its long history of service, advertising, and its establishment of service-affiliated facilities, the name "Forest Hills Gastroenterology" has become synonymous with Plaintiffs.

80.     Accordingly, when patients receive treatment from an establishment that uses the name "Forest Hills Gastroenterology" or "Forest Hills Gastro," they, rightfully, assume that such treatment is being provided by the Plaintiffs.

81.     In operating their facilities under the names "Forest Hills Gastroenterology" and "Forest Hills Gastro" Defendants have falsely represented the origin, association, and/or endorsement of the services that it provides to patients.

82.     As a result, Defendants' actions are likely to cause confusion, mistake, and/or deceive the public into thinking that Defendants' facility is somehow associated with Plaintiffs and the services Plaintiffs provide despite the fact that no such association exists.

4886-3676-7733v.4

83. By reason of the foregoing, Plaintiffs are entitled to injunctive relief, and damages in an amount to be determined at trial, together with interest, costs, disbursements and reasonable attorneys fees.

## SIXTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

### (Common Law Trademark Infringement)

84. Plaintiffs repeat and re-allege the foregoing paragraphs as if fully recited herein.

85. Plaintiff Forest Hills Gastroenterology is incorporated under the name Forest Hills Gastroenterology P.C. and, therefore, it has an ownership right to its name.

86. Plaintiffs own the following federal trademark registration for Forest Hills Gastroenterology – Registration No. 7144942.

87. For almost 10 years, Plaintiffs have established their excellent reputation for providing the Forest Hills, Queens area with the highest in quality of care.

88. As a result of its long history of service, advertising, and its establishment of service-affiliated facilities, the name "Forest Hills Gastroenterology" has become synonymous with Plaintiffs.

89. Accordingly, when patients receive treatment from an establishment that uses the name "Forest Hills Gastroenterology" or "Forest Hills Gastro," they, rightfully, assume that such treatment is being provided by Plaintiffs.

90. In operating its facilities under the names "Forest Hills Gastroenterology" and "Forest Hills Gastro" Defendants have falsely represented the origin, association, and/or endorsement of the services that it provides to patients.

91. Specifically, Defendants have intentionally and purposefully adopted the names "Forest Hills Gastroenterology" and "Forest Hills Gastro" to mislead the public to believe that its facilities are affiliated or associated with Plaintiffs.

4886-3676-7733v.4

92.     As a result, the public is likely to confuse Defendants' facilities, the Plaintiffs, and the services is that Defendants and Plaintiffs provide.

93.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief, and damages in an amount to be determined at trial, together with interest, costs, disbursements and reasonable attorneys fees.

## SEVENTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

### (Permanent Injunction)

94.     Plaintiffs repeat and re-allege the foregoing paragraphs as if fully recited herein.

95.     Defendants' conduct, including without limitation their consistent unlawful use of the names "Forest Hills Gastroenterology" and "Forest Hills Gastro," has irreparably harmed, and continues to irreparably harm, Plaintiffs.

96.     A justiciable controversy exists as to Defendants' unlawful use of the names "Forest Hills Gastroenterology" and "Forest Hills Gastro."

97.     Given Plaintiffs' federally-registered trademark, Plaintiffs' establishment of the "Forest Hills Gastroenterology" mark over the last decade, and Defendants' unauthorized use of the names "Forest Hills Gastroenterology" and "Forest Hills Gastro," there is a likelihood of Plaintiffs' success on the merits of this case.

98.     A balancing of the equities weighs in favor of Plaintiffs.

99.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

(a)     On the First Cause of Action, in addition to the interest and costs, awarding Plaintiffs: (a) a permanent injunction prohibiting the Defendants from operating under the name "Forest Hills Gastroenterology," "Forest Hills Gastro,"  or a substantially similar name; (b) the disgorgement of profits related to unjust enrichment, in an amount to be determined at trial; (c) compensation for harm to the reputation and goodwill of Plaintiffs, in

4886-3676-7733v.4

an amount to be determined at trial; (d) the cost of corrective advertising to clear the public's confusion, in an amount to be determined at trial; (e) attorneys' fees and costs; and (f) treble damages;

(b)     On the Second Cause of Action, awarding Plaintiffs: (a) a permanent injunction prohibiting the Defendants from operating under the name "Forest Hills Gastroenterology," "Forest Hills Gastro," or a substantially similar name; (b) the disgorgement of profits related to unjust enrichment, in an amount to be determined at trial; (c) compensation for harm to the reputation and goodwill of Plaintiffs, in an amount to be determined at trial; (d) the cost of corrective advertising to clear the public's confusion, in an amount to be determined at trial; (e) attorneys' fees and costs; and (f) treble damages;

(c)     On the Third Cause of Action, awarding Plaintiffs: (a) a permanent injunction prohibiting the Defendants from operating under the name "Forest Hills Gastroenterology," "Forest Hills Gastro," or a substantially similar name; (b) the disgorgement of profits related to unjust enrichment, in an amount to be determined at trial; (c) compensation for harm to the reputation and goodwill of Plaintiffs, in an amount to be determined at trial; (d) the cost of corrective advertising to clear the public's confusion, in an amount to be determined at trial; (e) attorneys' fees and costs; and (f) treble damages;

(d)     On the Fourth Cause of Action, awarding Plaintiffs an amount of damages to be determined at trial, plus interest, costs, disbursements and reasonable attorneys' fees;

(e)     On the Fifth Cause of Action, awarding Plaintiffs a permanent injunction prohibiting Defendants from using the name "Forest Hills Gastroenterology," "Forest Hills Gastro," or a substantially similar name, and an amount of damages to be determined at trial, plus interest, costs, disbursements and reasonable attorneys' fees;

(f)     On the Sixth Cause of Action, awarding Plaintiffs a permanent injunction prohibiting Defendants from using the name "Forest Hills Gastroenterology," "Forest Hills Gastro," or a substantially similar name, and an amount of damages to be determined at trial, plus interest, costs, disbursements and reasonable attorneys' fees;

(g)     On the Seventh Cause of Action, awarding Plaintiffs a permanent injunction, prohibiting Defendants from using the names "Forest Hills Gastroenterology," and "Forest Hills Gastro," and any other substantially similar names, and an amount of damages to be determined at trial, plus interest, costs, disbursements and reasonable attorneys' fees;

      (h)     such other relief that this Court deems just and proper.

Dated:  Great Neck, New York
          November 7, 2024

GARFUNKEL WILD, P.C.
*Attorneys for Plaintiffs*

By:      /s/ Kevin G. Donoghue
            Kevin G. Donoghue
            Philip A. Hammarberg
            Robert A. Rothman

111 Great Neck Road
Great Neck, New York  11021
(516) 393-2200

4886-3676-7733v.4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOREST HILLS GASTROENTEROLOGY, P.C.
and AZEEM KHAN, MD,

                Plaintiff,

    -against-

GASTROENTEROLOGY & LIVER DISEASE, P.C
and ALBERT SHALOMOV, MD,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**VERIFICATION**

Index No.

STATE OF NEW YORK     )
                       ) ss.:
COUNTY OF QUEENS     )

    Azeem Khan, M.D., being sworn, deposes and says that:

    I am the President of Plaintiff Forest Hills Gastroenterology, P.C., in the captioned lawsuit. I have read the foregoing Complaint and know the contents thereof. It is true to my own knowledge, except as to the matters therein alleged to be upon information and belief, and as to those matters I believe them to be true.

                                                                                AZEEM KHAN, M.D.

Sworn to before me this
7th day of November \_\_\_, 2024

        NOTARY PUBLIC

MAN MUN STRAZZERA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ST4980545
Qualified in Nassau County / Cert. filed in NY County
Commission Expires  April 22, 2027

4886-3676-7733v.4